**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN HEDWIG FERNANDES, | No. 09-72423 |
| Petitioner, | |
| v. | Agency No. A088-590-452 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

John Hedwig Fernandes, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Fernandes' omission from his declaration of two arrests and beatings by police in 2006, his inconsistent testimony regarding the reason for the arrests and beatings, and his inconsistent testimony regarding the length of time he was detained by police in 2004. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). The agency reasonably rejected Fernandes' explanations for the omission and inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Fernandes' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Fernandes' CAT claim is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not he would be tortured if returned to India, his CAT claim also fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

09-72423